8907

## STATE v. SMALLS.

### (82 S. E. 421.)

CRIMINAL PROCEDURE. COURT OFFICERS. CHARGE ON FACTS.

1. Where the solicitor of the Circuit is unable to attend Court and perform the duties of the office, the presiding Judge may temporarily appoint a member of the bar to act in the place of the solicitor, and bills prepared and signed by such attorney *pro tempore* are valid. (NOTE: See Const. 1895, art. V, sec. 29.)
2. The force and effect of any evidence is for the jury, and a charge that the defense of *alibi* is to be received with caution, is upon the facts in violation of Const., art. V, sec. 26.

Before RICE, J., Charleston, February, 1914. Reversed.

The defendant, Allen Smalls, convicted, under an indictment for arson, and sentenced to imprisonment for ten years, appeals. The facts are stated in the opinion.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for appellant, submit: *A solicitor pro tempore, appointed by the Court under Const., art. V, sec. 29, is confined to the prosecution of cases in which the grand jury have found indictments on bills submitted by the legally elected and commissioned officer;* and cite 2 S. C. 263, *charge on facts prejudiced and deprived defendant of free and untrammelled consideration of his defense of alibi:* 85 S. C. 277; 82 S. C. 488; 24 S. C. 442; 59 S. C. 232; 71 S. C. 58; 32 S. C. 45; 85 S. C. 276; *Ib.* 282.

*Mr. Solicitor· Peurifoy* and *Mr. Frank F. Herndon,* for respondent.

FOOTNOTE.—See case of *People v. Morgan,* 90 Ill. 558, in which the practice of the Court to appoint persons to act as clerks and State's attorneys, temporarily to fill vacancies, as well as special masters, etc., is reviewed at length.

July 18, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was indicted for arson, charged with burning a ginhouse. The case was called for trial before his Honor, Judge Rice, and a jury. A motion was made to quash the indictment on the ground that it was signed by F. F. Herndon, acting solicitor, and not by the duly elected and qualified solicitor of that circuit, the contention being that the indictment was void *ab initio* there being no such officer as acting solicitor, and there was no vacancy in said office of solicitor, and the appointment could only be made as provided for by section 722 of vol. I of the Code of Laws of South Carolina by appointment by the Governor and confirmation by the Senate. The motion was overruled and defendant put on trial and set up as a defense the plea of *alibi*. The jury returned a verdict of guilty with recommendation to mercy. Defendant moved for a new trial, which was refused, and defendant was sentenced to imprisonment for ten years. After sentence defendant appealed and asks reversal. The first four exceptions allege error in not quashing indictment on the grounds asked for. These exceptions are overruled for the reason, that it appears that on February 9, 1914, his Honor, Judge Rice, presiding at the Court of General Sessions for Charleston county, passed an order appointing F. F. Herndon, Esq., acting solicitor for that term, by reason of the fact that the solicitor, the Hon. John H. Peurifoy, was unable to attend Court and perform the duties of his office on account of illness. His Honor clearly had the right under the circumstances to make the appointment for the purposes indicated in his order in the interest of justice and the orderly administration of the same, in order that the Court might proceed with business and the trial of persons charged with violation of law, and these exceptions are overruled.

The third exception to the Judge's charge to the jury is as follows: Because his Honor, the presiding Judge, erred, it is respectfully submitted, in charging the jury as to the defense of *alibi:* "Now, Mr. Foreman, and gentlemen of the jury, I think I may say it, and I am going to say it anyhow, that alibi is always to be received with caution, the defense of *alibi,* but when it is made out then it is a complete defense;" the error being that his Honor invaded the province of the jury by singling out one plea for the defendant and differentiating that from the rest of the evidence on behalf of the defendant, and prejudiced and deprived the defendant of his right under the Constitution to have the jury exclusively, uninfluenced by any expression of opinion by the Circuit Judge, pass on the force and effect and weight and sufficiency of all of the evidence. This exception must be sustained. Article V, section 26 of the Constitution of 1895 is: "Judges shall not charge juries in respect to matters of fact, but shall declare the law." The intention of this section was intended clearly to leave to the jury all questions of fact and to prevent the Judges from forcing upon juries their own convictions as regards matters of fact. The force and effect of any evidence is for the jury, it is for them to determine what credence they will give to it and what weight it will have with them. The juries are the judges of all matters of fact and cannot look to the Court for a controlling view, they are to form their own conclusions from the facts submitted to them, and the Court cannot employ its influence over the minds of the jurors to force upon them its conclusions in any case. The Court is not at liberty to give its conclusions in any particular portions of the testimony. The real object of this clause in the Constitution is to leave the decision of all questions of fact to the jury exclusively uninfluenced by any expressions of opinion by the Judge. The Judge's position would naturally add great weight to any opinion he might express upon any question of fact arising in a case, and for this reason he

should carefully refrain and avoid expressing any opinion that he may have formed from the facts as to the force, weight, and effect, leaving it to the jury to draw their own conclusions and not impress upon them any impressions that the testimony may have made in the mind of the Judge. The juries are to determine all questions of fact uninfluenced by the Judge and unbiased by his impressions. His Honor was in error in charging the jury that the defense of *alibi* was to be received with caution. That defense is entitled to be considered by the jury under all the facts and circumstances of the case the same as any other defense, and it is for them to say what credence they give to it, and they do not have to receive it with any more caution than they do any other evidence in the case. The rules governing one class of cases must rest with equal force with others. The plea of insanity, *alibi,* and self-defense are all to be measured by the same standard, and his Honor had no right to prejudice the jury by stating to them as he did that the plea of *alibi* must be received by the jury with caution.

Judgment reversed and new trial granted.