[Criminal No. 579.　Filed October 26, 1923.]

[219 Pac. 593.]

# H. E. GARRETT, Appellant, v. STATE, Respondent.

1. WITNESSES—DEFENDANT OFFERING HIMSELF AS WITNESS IS SUBJECT TO CROSS-EXAMINATION.—Under Penal Code of 1913, section 1229, defendant cannot be compelled to be a witness against himself, though he may be a witness in his own behalf; but, if he offers himself as a witness, he may be cross-examined to the same extent, and subject to the same rules as any other witness.

2. WITNESSES — QUESTION TO ACCUSED ON CROSS-EXAMINATION HELD PROPER.—In a prosecution for robbery, in which accused interposed an alibi, permitting him to be asked whether he was not confined in the city jail between certain dates, and allowing his answer to stand, *held* proper where accused had testified that between those dates he was living elsewhere.

3. CRIMINAL LAW—INSTRUCTION DEFINING ROBBERY IN LANGUAGE OF STATUTE NOT OBJECTIONABLE. — Objection to instruction defining robbery, on the ground that element of asportation was omitted, *held* without merit where the instruction was practically in the language of the statute defining robbery.

4. CRIMINAL LAW — COURT'S COMMENT ON DEFENSE OF ALIBI HELD GROUND FOR REVERSAL.—In a robbery prosecution, in which an alibi was interposed as a defense, remark by trial court that alibis were successfully fabricated, and were difficult to detect, even when false, and that the temptation to resort to them as spurious defenses may be great, *held* a comment on evidence in violation of Constitution, article 6, section 12, and ground for reversal, where it might have affected the verdict.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Judgment reversed, with directions.

Mr. Thomas J. Croaff and Mr. T. A. Carson, for Appellant.

---

1.　Cross-examination of accused in criminal cases, see notes in 15 L. R. A. 669; 62 L. R. A. 345.

4.　Questions relating to instructions disparaging defense of alibi, see note in 14 A. L. R. 1426.

See 16 C. J., pp. 832, 968; 17 C. J., p. 295; 40 Cyc. 2510.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch and Mr. Earl Anderson, Assistant Attorneys General, for the State.

ROSS, J.—The appellant was charged by information, together with one George E. Nothaf, with the crime of robbery, alleged to have been committed on the twenty-second day of February, 1923, upon one H. L. Halverstadt. He was tried separately, and found guilty. He appeals from the judgment of conviction. We will consider his assignments of error in the order in which they are presented in appellant's brief.

The appellant's sole defense was an alibi. He testified in his own behalf that he had come from Los Angeles to Phoenix, arriving at the latter place at the opening of the State Fair (about November 1, 1922); that he had gone to Miami to live approximately January 1, 1923, where he said he was on February 22d, and had been continuously from the time he arrived there. On cross-examination the county attorney asked the accused where he had lived from the time he arrived in Phoenix until he went to Miami. The witness replied that from November 3d or 4th until about December 4th he lived at a rooming-house at 203 East Monroe Street, Phoenix, kept by Mrs. Effie Glenn; whereupon the county attorney propounded this question:

"I will ask you, Mr. Garrett, if it is not a fact that from the thirteenth day of November until the twenty-eighth day of November you were incarcerated in the city jail in Phoenix?"

This was objected to as improper and prejudicial to the rights of the defendant. The objection was overruled, and the witness, answering, stated:

"I was. . . . The time that I was at the city jail they came down there and took me, and I was

charged with vagrancy and placed in the city jail and given a fifteen-day sentence, . . . but every night until those fifteen nights I was with Mrs. Effie Glenn [203 East Monroe Street]."

It is now insisted by appellant the court committed error in permitting this question and answer.

The general rule is stated by Wharton on Criminal Evidence, volume 1, section 475, as follows:

"It has been held uniformly that on cross-examination the previous life and character of the witness, especially when he is a party, may be inquired into to such an extent as the court, in the exercise of a sound discretion, may deem proper."

Our statute provides that a defendant in a criminal action or proceeding cannot be compelled to be a witness against himself, but may be a witness in his own behalf. If he offer himself as a witness he may be cross-examined to the same extent, and is subject to the same rules as any other witness. Section 1229, Pen. Code 1913. The party against whom a witness testifies has the undoubted right to inquire of him as to his antecedents in order that the jury may know something of who he is and what he has been doing. The extent of this inquiry, it seems, is largely in the discretion of the trial court. It is always competent to inquire into a witness' previous occupation, companions, and associates for the purpose of affecting his credibility. The accused in this case answered that he had been imprisoned in the city jail for vagrancy—a petty offense but one that pretty clearly indicated his associates and companions as being idle and dissolute persons, but of his own selection. *Irvine* v. *State*, 10 Okl. Cr. 4, 133 Pac. 259; *Terry* v. *State*, 7 Okl. Cr. 430, 122 Pac. 559. It was perfectly proper for the county attorney to question the accused concerning his memory, motives, history or any other matters affecting his credibility, so long as he did not pursue a course of cross-examination solely

to cast insinuations upon the defendant. *State* v. *Burris,* 194 Iowa, 628, 190 N. W. 38. In permitting the question to be asked and the answer to stand the court exercised a very proper discretion, under the circumstances.

It is next contended that the court erred in its instruction defining the crime of robbery, in that the element of asportation was omitted. An examination of the instruction discloses that it is practically in the language of the statute defining robbery. We think this assignment is without merit.

The court's instruction on the defendant's alibi is as follows:

"Gentlemen, on the question of the alibi defense offered by this defendant, the testimony is in irreconcilable conflict. The defendant could not have been at these two places at the same time, and in this contradiction of witnesses the jury have to determine for themselves where lies the truth. In so judging you will take into consideration the appearance and apparent candor and fairness of the respective witnesses, the probability of their statements, its coincidence with other facts or features of the case which they may deem established, and, generally, those rules of ordinary experience and general observation by which intelligent men decide as to the controverted propositions of fact. The effect of an alibi when established is like that of any other conclusive fact presented in a case. Showing, as it does, that the party asserting it could not have been present at the time of the robbery, and therefore did not participate in it, is, when credited, a defense of the most conclusive and satisfactory character. The fact, however, which experience has shown, is that an alibi as a defense is capable of being and has been occasionally successfully fabricated, that, even when wholly false, its detection may be a matter of very great difficulty, and that the temptation to resort to this as a spurious defense may be very great, especially in cases of importance."

It is said this instruction is bad in the following respects:

"(b) Said instruction is a comment upon the evidence and questions of fact prohibited by Constitution of Arizona, article 6, section 12.

"(c) Said instruction disparages alibi evidence, and tends to prejudice the jury toward defendant because of introducing such evidence."

What is quoted is about half of the court's instruction on the defense of alibi. The omitted part clearly stated the law, and gave it as favorably to appellant as he could wish or expect. The part of which complaint is made in varying forms has projected itself into a number of cases in other jurisdictions. In some it has met with approval, and in others with disapproval. It first appeared in *People* v. *Lee Gam,* 69 Cal. 552, 11 Pac. 183, and was approved in an opinion written by Commissioner Foote on the authority of *People* v. *Wong Ah Foo,* 69 Cal. 180, 10 Pac. 375. The Lee Gam instruction differs from the one we have in that in the former there was a direct admonition to the jury to scrutinize the testimony in support of the alibi. It may be doubted, however, if there is any difference in the meaning intended to be and actually conveyed to the jury.

In *People* v. *Barr,* 55 Cal. App. 321, 203 Pac. 827, the Third District Court of Appeals of California, speaking of a similar instruction, said:

"While said instruction is objectionable as pointed out in *People* v. *Purio,* 49 Cal. App. 675, 194 Pac. 74, yet it has been held that it does not constitute prejudicial error, and that it does not justify a reversal of the judgment."

In *People* v. *Smith,* 189 Cal. 31, 207 Pac. 518, the instruction is disapproved by the Supreme Court of California, as it had been in the earlier case of

*People* v. *Levine,* 85 Cal. 39, 22 Pac. 969, 24 Pac. 631, and *People* v. *Lattimore,* 86 Cal. 403, 24 Pac. 1091.

Instructions of similar import have been approved in the following cases and courts: *State* v. *Cartwright,* 188 Iowa, 579, 174 N. W. 586; *People* v. *Tice,* 115 Mich. 219, 69 Am. St. Rep. 560, 73 N. W. 108. In the Cartwright case Mr. Justice WEAVER gave expressions of his disapproval of the instruction in the following language:

"The writer of this opinion is convinced, however, that the rule is a vicious one, and ought to be displaced by one more in accord with enlightened justice. With such an instruction, the defense of alibi, though supported by an array of witnesses of the highest character, is sent to the jury defaced with the stigma of judicial suspicion, which is quite sure to rob it of all value for him who offers it."

In *Henry* v. *State,* 51 Neb. 149, 66 Am. St. Rep. 450, 70 N. W. 924, the court condemned this instruction in the following language:

"We are aware that instructions in substantially the language employed in paragraph No. 9 have received the approval of courts of the highest standing. We are, however, unable to conceive of any sound reasons for cautionary instructions with respect to an alibi which do not apply with equal force to any other defense. Although it is true, as said by the district court, that an alibi 'is a defense which has been frequently fabricated, that even when wholly false its detection may be difficult, and that the temptation to resort to it as a spurious defense may be great,' it is a fact, abundantly attested by the observations of every judge experienced in the administration of the criminal law, that attempts to fabricate self-defense as a justification, or to simulate insanity as an excuse, are not less frequent or successful than like impositions with respect to an alibi. Instruction No. 9 would, it is conceded, be defensible in those jurisdictions where it is permissible, in charging the jury, to comment upon the evidence. But that it is

25 Ariz.—33

within the province of the judge under our practice, by means of cautionary instructions, to discredit a particular defense or the evidence in support of a particular proposition we cannot admit, since witnesses are by no known rule of law or logic presumed to be less truthful simply because they testify concerning an alibi.''

In *State* v. *Crowell,* 149 Mo. 391, 73 Am. St. Rep. 402, 50 S. W. 893, the court had the following to say about an instruction disparaging the alibi as a defense:

'' . . . The court is not permitted to disparage the defense of an alibi or to refer to it in a slighting or sneering manner; evidence in regard to an alibi is to be tested and treated just like evidence offered in support of any other defense, insanity, self-defense,'' etc.

See, also, section 1062, Bishop's New Criminal Procedure; section 339, Randall's Instructions to Juries; *State* v. *Danelly,* 116 S. C. 113, 14 A. L. R. 1420, and note, 107 S. E. 149.

Section 12, article 6, of the Constitution of this state, provides that—

''Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law.''

We have had occasion heretofore to consider this section of the Constitution. In *Erickson* v. *State,* 14 Ariz. 253, 127 Pac. 754, we held it was error for the court to direct the jury's attention particularly to the testimony of the defendant with an implication that its value was to be tested by a rule different from the rule applicable to the testimony of any other witness. In *Babb* v. *State,* 18 Ariz. 505, Ann. Cas. 1918B, 925, 163 Pac. 259, it was held that an instruction singling out the testimony of a witness and giving it undue prominence violated said section of the Constitution, as did also an instruction that

positive evidence is stronger than negative evidence. We said such instructions were—

"clearly a charge upon matters of fact and a comment thereon. It is a usurpation of the powers and duties of the jury. The court's duties are limited to a declaration of the law. When evidence has been admitted as competent and material in a case, it is the exclusive function of the jury to pass upon its weight and credibility."

In this case the court gave the regular form of instruction as to the credibility of witnesses generally. Thereafter the instruction we are considering was given, in which the jury's attention was called to a rule somewhat different to be used in weighing the testimony concerning the alibi. After stating that evidence on this issue is in irreconcilable conflict—a situation that required the absolute rejection of the testimony of one side or the other— the court announced that alibis were sometimes successfully fabricated; that even when wholly false they were difficult to detect, and that the temptation to resort to them as spurious defenses may be very great, especially in important cases. True, this announcement was not made in such an abrupt way as we have put it, but that is the implication. We think the instruction violated the provision of the Constitution, and should not have been given. It was certainly a comment on the evidence. It may have been very prejudicial.

We are not suggesting that the evidence for the prosecution was not ample to support the verdict of the jury. The prosecuting witness testified very positively that appellant was one of the men who robbed him, and his testimony was very clear and evidently convincing to the jury. However, there were five witnesses besides the appellant who testified that appellant on the night of the robbery was

present in Miami—100 miles from the scene of the robbery. It hardly seems possible that the witnesses for either side could be mistaken as to the time, both stating it was on the night of the 22d of February, Washington's Birthday. There is nothing apparent in the record tending to impeach the testimony of appellant's witnesses.

It may be that the court's instruction disparaging the testimony concerning the alibi as a defense affected the verdict of the jury, and, since it was error to give such instruction, we feel compelled to reverse the case, and remand it, with the direction that a new trial be granted the appellant.

McALISTER, C. J., and LYMAN, J., concur.