[Criminal No. 575.   Filed   October   26,   1923.]

[219 Pac. 596.]

## G. E. NOTHAF, Appellant, v. STATE, Respondent.

CRIMINAL LAW — DISPARAGING REFERENCE IN INSTRUCTION TO ALIBI DEFENSE HELD HARMLESS IN VIEW OF EVIDENCE.—Court's disparaging reference in instruction to alibi defense, though erroneous, was harmless where defendant's testimony on the question of alibi was weak, hesitant and equivocal, and the state's testimony was positive and certain.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

Mr. Thomas J. Croaff and Mr. T. A. Carson, for Appellant.

---

See 17 C. J., p. 347.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch and Mr. Earl Anderson, Assistant Attorneys General, for the State.

ROSS, J.—This appellant and appellant H. E. Garrett, in case No. 579, just decided (*ante,* p. 508, 219 Pac. 593), were informed against jointly for the same offense. They were tried separately, and in both cases the same instruction on the defense of alibi was given. In the Garrett case we held the instruction erroneous and prejudicial because it seemed, from an examination of the evidence, the question of defendant's presence at the place the crime was alleged to have been committed was one of serious doubt, or one that might well have been resolved in favor of defendant. In the present case the testimony of appellant, as well as that of his witnesses, on the question of alibi, was equivocal and uncertain as to appellant's whereabouts at the time the alleged offense was committed. None of his witnesses was positive or certain of being with him or seeing him just before, just after, or at the time the prosecuting witness claims to have been robbed. They were positive they saw him and visited with him some day in February, near the 22d, at about the hour the crime was committed, but they were not certain as to the day. So everything they testified to may be true, and yet absolutely no evidence that appellant was not present participating in the commission of the offense as stated by the prosecuting witness. Besides, the stories of some or of all of defendant's witnesses in the present case were weak, hesitant and equivocal. Such being true, the disparaging reference in the instruction to the alibi defense, although erroneous, could hardly have affected the jury's verdict. We have repeatedly

refused to reverse cases for errors committed in the trial when not prejudicial.

The judgment is therefore affirmed.

McALISTER, C. J., and LYMAN, J., concur.