15892

STATE v. CASH.

(40 S. E. (2d), 498)

*Mr. John C. Mooneyham,* of Spartanburg, for Appellant,

No written brief filed on behalf of Respondent.

November 27, 1946.

MR. CHIEF JUSTICE BAKER delivered the unanimous opinion of the Court.

The appellant was tried and convicted at the April, 1944, term of the Court of General Sessions for Spartanburg County, of assault and battery of a high and aggravated nature, and was sentenced by the trial Judge to a term of three years at hard labor on the public works for Spartanburg County, or for a like period in the State penitentiary. From this conviction and sentence he appeals to this Court.

While there are six exceptions (exception six having been abandoned upon oral argument), we find it necessary to consider only exception number four, reading as follows: "That his Honor the Presiding Judge erred in charging the jury as follows: 'I know and you know that the fight took place out of some bad blood somewhere existing between the prosecuting witness and the defendant. The condition that obtained there was what the law might term "some provocation" on the part of this defendant for this cutting'. It is submitted that this was a charge upon the facts and an expression of an opinion by the Court on the testimony, in violation of Article 5, Section 26 of the Constitution of 1895".

Article 5, Section 26 of the Constitution of 1895, commands: "Judges shall not charge juries in respect to matters of fact, but shall declare the law".

Upon the trial of this case the appellant testified that he bore no ill will towards the prosecuting witness and was

merely acting in self-defense at the time he found it necessary to cut him with a knife.

The Presiding Judge charged the jury as is alleged ██ in appellant's fourth exception. This was obviously a charge on the facts, which is prohibited by the Article and Section of the Constitution above quoted, the language contained in *State v. Smalls,* 98 S. C., 297, 82 S. E., 421, being apposite. In that case, in commenting on this section of the Constitution, the Court said:

"* * * The intention of this section was intended clearly to leave to the jury all questions of fact and to prevent the Judges from forcing upon juries their own convictions as regards matters of fact. The force and effect of any evidence is for the jury, it is for them to determine what credence they will give to it and what weight it will have with them. The juries are the judges of all matters of fact and cannot look to the Court for a controlling view, they are to form their own conclusions from the facts submitted to them, and the Court cannot employ its influence over the' minds of the jurors to force upon them its conclusions in any case. The Court is not at liberty to give its conclusions in any particular portions of the testimony. The real object of this clause in the Constitution is to leave the decision of all questions of fact to the jury exclusively uninfluenced by any expressions of opinion by the Judge. The Judge's position would naturally add great weight to any opinion he might express upon any question of fact arising in a case, and for this reason he should carefully refrain and avoid expressing any opinion that he may have formed from the facts as to the force, weight, and effect, leaving it to the jury to draw their own conclusions and not impress upon them any impressions that the testimony may have made in the mind of the judge. The juries are to determine all questions of fact uninfluenced by the Judge and unbiased by his impressions. * * *"

In this connection, see also *State v. Danolly,* 116 S. C., 113, 107 S. E., 149.

For the reason stated the judgment is reversed and the case is remanded for a new trial.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.