449 P.2d 999

**STATE of Utah, Plaintiff and Respondent,**

v.

**Kenneth DeMar ROSENBAUM, Defendant and Appellant.**

No. 11315.

Supreme Court of Utah.

Jan. 30, 1969.

Hatch & McRae, Sumner J. Hatch, Salt Lake City, for appellant.

Joseph P. McCarthy, Salt Lake City, for respondent, Phil L. Hansen, Atty. Gen., Gerald G. Gundry, Asst. Atty. Gen., Salt Lake City, on the brief.

ELLETT, Justice:

The appellant was convicted of the crime of burglary in the third degree and appeals to this court, claiming that the trial judge erred in giving the jury the following instruction:

> Due to the very nature of the defense of alibi, in that it is easily fabricated and difficult to disprove, you should consider it with caution.

It has been held that a cautionary instruction regarding the defense of alibi such as that given in this case is not erroneous when other instructions correctly state the law.[1] However, such holdings are

1. See annotations in 14 A.L.R. 1426; 67 A.L.R. 122; 146 A.L.R. 1377.

generally confined to jurisdictions where the trial judge is permitted to comment on the evidence.

██ In this state the trial judge is not permitted to comment on evidence and he, therefore, may not indicate to a jury that evidence is either weak or convincing. It is the sole and exclusive province of the jury to determine the facts in a criminal case, and this it must do regardless of the relative strength or weakness of the evidence in the case.[2]

The first case wherein an instruction disparaging the defense of alibi was used and approved by the appellate court so far as the writer is aware is that of People v. Lee Gam, 65 Cal. 552, 11 P. 183 (1886). However, on rehearing of the case of People v. Levine,[3] 85 Cal. 39, 24 P. 631 (1890), the California court criticized a precautionary instruction regarding alibi and said at page 632:

> * * * If they had been given in this case free from all their context, and the case was one where we could conceive it possible that the verdict turned upon the question of the truth or falsity of the evidence given in support of the defense of *alibi*, we should be inclined to hold that the instruction was erroneous to a degree that entitled the defendant to a reversal of the judgment; for the de-

fense of *alibi* is, in our judgment, not one requiring that the evidence given in support of it should be scrutinized otherwise or differently from that given in support of any other issue in a cause. But the remaining portions of the charge are such that when given as a whole, as it was, it is hardly possible that an intelligent jury could have been misled by it. * * *

The Levine case was followed by the case of People v. Lattimore, 86 Cal. 403, 24 P. 1091 (1890), wherein the court said at page 1092:

> * * * We again repeat that the defense of *alibi* is "not one requiring that the evidence given in support of it should be scrutinized otherwise or differently from that given in support of any other issue in the cause;" and we may add that, if trial courts will cease to give this particular form of instruction, the ends of justice will be equally as well subserved, and the administration of the laws less embarrassed. But in this case, as in the Levine Case, the charge of the court, taken as a whole, was so full and fair to the defendant that we cannot conceive that any injury resulted to the defendant from this unnecessary instruction in regard to the scrutinizing of the evidence given in support of the defense of *alibi*.

---

2. State v. Green, 78 Utah 580, 6 P.2d 177 (1931).

3. The original hearing was listed as People v. Sevine at 85 Cal. 39, 22 P. 969 (1889).

In 1943 the California Supreme Court in the case of People v. Costello, 20 Cal.2d 760, 135 P.2d 164, explained its prior rulings and reversed a conviction upon instructions which contained the following language:

* * * Hence I respectfully suggest to you ladies and gentlemen of the jury that while you are not to hesitate at giving this as a defense full weight, that conclusive effect to which, when established, it is justly entitled, either as entirely satisfying you of the innocence of the defendant, or as creating a reasonable doubt which entitles the defendant to an acquittal, still you are to scrutinize the testimony offered in support of an alibi with care, that you may be satisfied that a fabricated defense is not being imposed upon you.

In discussing the matter, the court said at pages 166 and 167:

It is difficult to understand why the severely criticized instruction still is utilized by district attorneys and trial courts in cases involving alibi evidence. If the repeated disregard of the reviewing courts' adverse criticism of the instruction is prompted by the hope that in the particular case the court will conclude that the instruction has not prejudiced the defendant's rights, the hope is not commensurate with the risk of reversal.

* * *

* * * * * *

In the present case the giving of the instruction complained of was prejudicial error. * * * The defendant was entitled to have the benefit of the weaknesses developed in the prosecution's case and to the benefit of her own evidence on the issue of alibi, uninfluenced by the erroneous instruction.

In the Arizona case of Garrett v. State, 25 Ariz. 508, 219 P. 593 (1923), it was held that the following part of an instruction was a comment on the evidence:

* * * The fact, however, which experience has shown, is that an alibi as a defense is capable of being and has been occasionally successfully fabricated, that, even when wholly false, its detection may be a matter of very great difficulty, and that the temptation to resort to this as a spurious defense may be very great, especially in cases of importance.

In reversing the conviction the court said at pages 595 and 596:

It may be that the court's instruction disparaging the testimony concerning the alibi as a defense affected the verdict of the jury, and, since it was error to give such instruction, we feel compelled to reverse the case, and remand it, with the direction that a new trial be granted the appellant.

In State v. Crowell, 149 Mo. 391, 50 S.W. 893 (1899), the court discussed an instruc-

tion which tended to disparage the defense of alibi. At page 894 it was said:

* * * There was error in giving this instruction, as the court is not permitted to disparage the defense of an alibi, or to refer to it in a slighting or sneering manner. Evidence in regard to an alibi is to be tested and treated just like evidence offered in support of any other defense, —insanity, self-defense, etc. [Citations omitted.]

The case of State v. Spadoni, 137 Wash. 684, 243 P. 854, was decided by the Washington Supreme Court in 1926. There the defendant had offered evidence of alibi. At pages 860 and 861 the court said:

* * * The evidence, if believed, was convincing of the fact that he was not the murderer. The court made the matter the subject of a special instruction. For its larger part the instruction is unobjectionable, but the jury were told that such a defense "may be easily fabricated," and should be considered with "great caution and care" and "receive rigid scrutiny." The defense that the defendant was in another place at the time of the commission of the crime with which he is charged is a proper and legitimate defense, and it is not the rule that the evidence thereof is inherently subject to greater suspicion as to its truth than is other evidence given in the cause. It should not therefore be made the subject of special animadversion by the court, but should be submitted to the jury as other evidence is submitted, leaving it to the jury to say whether the evidence as a whole satisfies them beyond a reasonable doubt of the guilt of the accused. * * *

In the case of State v. Smalls, 98 S.C. 297, 82 S.E. 421 (1914), the Supreme Court of South Carolina held:

* * * His honor was in error in charging the jury that the defense of alibi was to be received with caution that [sic] defense the same as all other defenses is entitled to be considered by the jury under all the facts and circumstances of the case the same as any other defense, and it is for them to say what credence they give to it and do not have to receive it with any more caution than they do any other evidence in the case. The rules governing one class of cases must rest with equal force with others. The plea of insanity, alibi, and self-defense are all to be measured by the safe [sic] standard, and his honor had no right to prejudice the jury by stating to them as he did that the plea of alibi must be received by the jury with caution.

The overwhelming weight of authority in jurisdictions where the trial judge may not comment on the weight and effect of evidence is that an instruction disparaging the defense of alibi is erroneous and prejudicial. We think that in this

case it was prejudicial error for the court to indicate to the jury that they should apply a different standard for determining the weight of evidence regarding alibi from that which they were to apply to any other evidence in the case. An innocent defendant who knows nothing of the facts of a crime charged against him would be hard put to offer a better defense than that of alibi.

The judgment of conviction is reversed and the case remanded for a new trial.

CROCKETT, C. J., and TUCKETT, CALLISTER and HENRIOD, JJ., concur.