The STATE of Utah, Plaintiff and Respondent,

v.

Joan GORLICK, Defendant and Appellant.

No. 16420.

Supreme Court of Utah.

Dec. 31, 1979.

Stanley S. Adams, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant, Joan Gorlick, appeals her conviction by a jury for theft in violation of § 76–6–404 U.C.A. (1953), as amended. Her sole contention is that there is insufficient evidence to support her conviction. We affirm the conviction.

Defendant was charged with the theft of a ring valued at more than $1,000 which belonged to David Delgado. The defendant, two male companions, and Delgado had, on July 31, 1978, had some drinks together at a hotel and then at about 10:30 in the evening had gone to a tavern. During the course of the evening there had been some discussion about various items of jewelry owned by members of the group. The details of negotiations about possible purchases are disputed by the parties. At the conclusion of the evening the defendant left the tavern with Delgado's ring in her possession and Delgado called in the police. Delgado initially reported the theft of two rings, including one owned by another member of the group. He later admitted that the report regarding the second ring was false.

According to Delgado, he had his ring when they went to the tavern. There was discussion about the value of the ring, and at one point, as Delgado was handing the ring across the table for the defendant to

examine it, it fell into a glass. The defendant drank the contents of the glass and then claimed to have swallowed the ring. A waitress at the tavern testified that Delgado told her about the ring being swallowed by the defendant, and when she asked the defendant if the story were true, the defendant nodded her head "yes." Delgado then left the table and called the police. He also wrote down the make, model, and license plate number of defendant's car and gave that information to the police. Defendant and her companions left the tavern, and a short time later a police officer located her in her car with one of her friends. Upon being questioned, the defendant at first denied that she had been at the tavern or that she knew Delgado. After having been arrested, the defendant admitted she had Delgado's ring. She claimed that she had purchased it.

She was tried before a jury and found guilty of second-degree theft. She was given a suspended prison sentence, placed on probation for two years and fined $1,000.

■ The defendant raises on appeal only the sufficiency of the evidence. She contends that the victim, Delgado, was discredited as a witness and that his testimony could not support a conviction. She also argues that the evidence was insufficient to establish the requisite intent or the classification of the theft as a second-degree felony.

■ The evidence is to be viewed in the light most favorable to the jury's verdict, *State v. Jones*, Utah, 554 P.2d 1321 (1976). The standard for determining whether there is insufficient evidence is that the evidence must "be so inconclusive or so inherently improbable that reasonable minds could not reasonably believe defendant had committed a crime," *State v. Romero*, Utah, 554 P.2d 216, 219 (1976), and cases cited therein. A jury verdict will be upheld unless the evidence compels the conclusion as a matter of law that fair-minded persons must have entertained reasonable doubt as to defendant's guilt, *State v. Mills*, Utah, 530 P.2d 1272 (1975). The function of this Court "is not to determine guilt or innocence, the weight to give conflicting evidence, the credibility of witnesses, or the weight to be given defendant's testimony," *State v. Romero, supra*, at 218.

■ The victim testified that the defendant took his ring without his permission. The waitress corroborated this testimony, and the defendant did have possession of Delgado's ring when she was arrested. The jury may discount defendant's exculpatory evidence and accept the testimony of prosecution witnesses. As this Court stated in *State v. Schoenfield*, Utah, 545 P.2d 193, 195 (1976):

> In regard to defendant's contention that the evidence is not sufficient to justify his conviction, these observations are pertinent: The jury were not obligated to accept as true defendant's own version of the evidence nor his self-exculpating statements as to his intentions and his conduct. They were entitled to use their own judgment as to what evidence they would believe and to draw any reasonable inferences therefrom.

Appellant has failed to demonstrate that reasonable minds must have entertained reasonable doubt as to her guilt. Nor is there merit to her contention that there was insufficient evidence as to her requisite criminal intent. The jury could reasonably have believed from the evidence before it that her conduct demonstrated her intent to deprive Delgado of his ring in a manner consistent with a finding of theft.

Defendant's final contention relates to the value of the ring. Second-degree felony theft requires that the property stolen be valued at more than $1,000. This Court in *State v. Logan*, Utah, 563 P.2d 811 (1977), held that the standard for valuing property in theft cases is fair market value and not the replacement cost or the price at which someone would sell under urgent necessity. Although there was evidence that the parties had themselves valued the ring at less than $1,000 when discussing its possible sale to the defendant, a local expert witness offered uncontradicted testimony that the fair market value of the ring at

the time of the theft was between $1,250 and $1,400. The jury was entitled to conclude that the ring was of a value in excess of $1,000 on the date and at the place of the theft.

The conviction is affirmed.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.