STATE of Utah, Plaintiff and
Respondent,

v.

Dail Ray STEWART, Defendant
and Appellant.

STATE of Utah, Plaintiff and
Respondent,

v.

George Edward CHRISTENSEN,
Defendant and Appellant.

Nos. 20639, 20641.

Supreme Court of Utah.

May 1, 1986.

On Rehearing (Christensen)
Oct. 17, 1986.

Bradley P. Rich, Salt Lake City, for Stewart.

Andrew A. Valdez, Salt Lake City, for Christensen.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Appellants were charged with second degree homicide in the stabbing death of a fellow state prison inmate. U.C.A., 1953, § 76-5-203 (Supp.1985). Appellants were tried together with inmates Frank Dominquez and Tommy Coleman, who were also charged with the killing. Dominquez and Coleman were acquitted, but appellants were convicted. Separate appeals were filed in this Court, but because the facts and issues on appeal are the same, we consolidate the appeals and affirm appellants' convictions.

The only issue raised by appellants here is that the evidence is insufficient to sustain a verdict of second degree murder. Specifically, appellants argue that the evidence does not show that their participation in the beating and stabbing of inmate Glen Evert was any greater than the involvement of the acquitted defendants, Coleman and Dominquez. On review, we consider the lengthy testimony and evidence in a light most favorable to the jury's verdict, *State v. Gorlick*, Utah, 605 P.2d 761 (1979), and assume that the jury believed those portions of the evidence supporting the verdict. *State v. Gibson*, Utah, 565 P.2d 783 (1977).

On the evening of February 14, 1984, at the Utah State Prison, inmate Glen Evert was beaten and fatally stabbed by a mob of inmates led by defendants Stewart, Christensen, Dominquez, and Coleman. Dominquez and Stewart were considered spokesmen of a gang of inmates with which Christensen and Coleman were also associated. Earlier that day, Evert accused Stewart of involvement in recent thefts from Evert's dormitory and knocked him down in a fist fight. Having received a black eye and a swollen lip in the altercation, Stewart threatened to kill Evert. The same accusation was made by Evert against Dominquez, also resulting in a fight with similar results and threats.

Later that evening, defendants, with a group of fifteen to twenty other inmates, confronted Evert in his dormitory. The dormitory residents testified that several of the intruders, including defendants, carried knives or other weapons. Defendants wounded Evert and chased him out of the building. Evert ran through other prison buildings and onto the outside catwalks, where he was finally tackled, beaten, and stabbed. Inmates who observed nearby described the stabbing, flailing, and hacking motions by Stewart, Christensen, and others into Evert's body. Evert was able only to stagger to a nearby prison supervisor's office, where he died of the multiple stab wounds. The medical examiner testified that one stab wound which penetrated the sternum and entered the heart could alone have caused Evert's death.

We reject appellants' argument that the verdicts, wherein they were convicted but Dominquez and Coleman were acquitted, are so obviously inconsistent that they demonstrate an insufficiency of the evidence. A participant who encourages or assists others in a crime may be found guilty when the evidence supports his conviction. U.C.A., 1953, § 76-2-202 (1978 ed.). The question on review is simply whether there is sufficient evidence to support the guilty verdicts. The inquiry then is whether the verdicts against Stewart and Christensen are supported by substantial evidence.[1] We conclude that they are.

Although witnesses identified all four defendants as leading aggressors in the at-

---

1. *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 478, 83 L.Ed.2d 461 (1984); *State v. Gager,* 45 Hawaii 478, 370 P.2d 739 (1962).

tack, Stewart and Christensen were identified as possessing the knives which inflicted numerous stab wounds. A witness who encountered Evert and the mob in a stairwell testified that Christensen, with a bloody knife in his hand, looked over the wounded Evert from the top of the stairwell. In his defense, Christensen admitted that he had taken a machete knife with him to the fight and had stabbed Evert in the back. But Christensen claimed that he acted only in defense of another inmate being attacked by Evert.

Other testimony showed that Stewart carried the only knife capable of causing the one stab wound described as fatal by the medical examiner. Stewart did not testify in his own defense. But, during the prison investigation after the stabbing, Stewart denied any involvement, although he admitted he had observed the fight in progress. He claimed he had earlier received his black eye and swollen lip in a basketball game. This alibi was controverted by the testimony of the other defendants.

Determining the facts from the evidence is the sole and exclusive province of the jury. *State v. Gorlick, supra; State v. Rosenbaum,* 22 Utah 2d 159, 449 P.2d 999 (1969). The jury was not obligated to accept the versions advanced by defendants, but was able to draw its own inferences and conclusions as to their conduct and credibility. The acquittal of Coleman and Dominquez does not necessarily require appellants' acquittal. "That the verdict may have been a result of compromise, or of a mistake on the part of the jury is possible. But verdicts cannot be upset by speculation or inquiry into such matters." *Dunn v. United States,* 284 U.S. 390, 394, 52 S.Ct. 189, 191, 76 L.Ed. 356 (1932).

Appellants suggest that the testimony of other inmates was inherently incredible because the prisoners testified only to obtain parole or other special considerations from their incarcerator. Defendants argued this point to the jury, which evaluated the credibility of the inmate witnesses, as well as any bias and prejudice. It is elementary that the fact finder may accept all, part, or none of a witness's testimony.[2] It may believe one witness as against many. *Renfro v. State,* Okla.Cr., 607 P.2d 703 (1980). Even accepting appellants' argument of inconsistencies in the inmates' testimony, we certainly cannot say that the testimony was so improbable that it was inherently unbelievable. *State v. Lovato,* Utah, 702 P.2d 101, 107 (1985); *State v. Middelstadt,* Utah, 579 P.2d 908 (1978).

Circumstantial, as well as direct, evidence that places the defendants as participants at the scene at the time of the killing and places the murder weapons in their possession is sufficient to sustain the guilty verdict.[3] Without more, the eyewitness testimony of observing inmates is sufficient to support the jury's finding. It is clear to this Court that the State's evidence and inferences which can be drawn therefrom are not so inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt as to appellants' guilt.[4]

The second degree homicide convictions of Stewart and Christensen are affirmed.

The State of Utah, Plaintiff
and Respondent,

v.

George Edward Christensen,
Defendant and Appellant.

No. 20641

ON REHEARING

PER CURIAM:

We affirmed the second degree murder conviction of appellant George Edward

---

**2.** *State v. Hewitt,* Utah, 689 P.2d 22 (1984); *Clegg v. State,* Wyo., 655 P.2d 1240 (1982); *State v. Cannon,* 56 Hawaii 161, 532 P.2d 391 (1975); *State v. Gager,* 370 P.2d at 743.

**3.** *State v. Paradis,* 106 Idaho 117, 676 P.2d 31 (1983), *cert. denied,* 468 U.S. 1220, 104 S.Ct. 3592, 82 L.Ed.2d 888 (1984); *compare State v. Crick,*

Utah, 675 P.2d 527 (1983), *with State v. Garcia,* Utah, 663 P.2d 60 (1983).

**4.** *State v. Rebeterano,* Utah, 681 P.2d 1265 (1984); *State v. Shabata,* Utah, 678 P.2d 785 (1984); *State v. Garcia, supra.*

Christensen in *State v. Stewart*, 729 P.2d 610 (Utah 1986), wherein the appeals of the two convicted defendants were consolidated. However, our decision issued before appellant Christensen had the opportunity to file his reply brief under Rule 26(a), Utah Rules of Appellate Procedure. Consequently, upon his petition, we granted a rehearing of his appeal in order to allow filing of his reply brief. After review of Christensen's reply brief, now filed, and the record below, we note that he reiterates the same arguments as in his original brief on appeal, which arguments were disposed of in our prior decision. *State v. Stewart, supra.*

We are not persuaded by appellant's arguments and again affirm his conviction without oral argument. Rule 35(c) of the Utah Rules of Appellate Procedure allows this Court to make final disposition on rehearing without oral argument when appropriate under the circumstances of the case. We do so here because the facts and issues appellant raises are adequately set forth in his brief, and our decision will not be significantly aided by any oral argument. Utah R.App.P. 29(a).

We adhere to our view that the "question on review is simply whether there is insufficient evidence to support the guilty verdict." As well explained by the United States Supreme Court in *United States v. Powell*, 469 U.S. 57, 67, 105 S.Ct. 471, 478, 83 L.Ed.2d 461 (1984):

> A criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts. This review should not be confused with the problems caused by inconsistent verdicts. Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt.... This review should be independent of the jury's determination that evidence on another count was insufficient. The Government must convince the jury with its proof, and must also satisfy the courts that given this proof the jury could rationally have reached a verdict of guilt beyond a reasonable doubt. We do not believe that further safeguards against jury irrationality are necessary.

(Citations omitted.) We believe that this same reasoning equally applies in this case when the sufficiency of evidence against different defendants is questioned.

■ In our review, we need make no quantitative or qualitative comparison of the evidence as between the different defendants.[1] We merely consider whether the evidence against appellant, viewed in the light most favorable to his verdict, is so inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt as to his guilt. *State v. Petree*, 659 P.2d 443 (Utah 1983); *State v. Gorlick*, 605 P.2d 761 (Utah 1979). As discussed in our prior opinion, we consider the evidence sufficient to support the verdict, notwithstanding appellant's contrary argument.

■ Appellant repeats his contention that because the jury acquitted defendants Dominguez and Coleman but convicted appellant, its decision is irrationally and irreconcilably inconsistent. He claims that because the evidence is essentially the same as against all the defendants, such a verdict must be overturned. Even if we acquiesced in appellant's argument that the evidence was no greater against him than against others, it is generally accepted that the inconsistency of verdicts is not, by itself, sufficient ground to set the verdicts aside. *Dunn v. United States*, 284 U.S.

---

**1.** Appellant argues that because the evidence must have been insufficient as to the acquitted defendants, it was just as insufficient as to the convicted defendants. Therefore, appellant concludes, the jury's verdict as to all the defendants must really be interpreted as an acquittal. However, the prosecution could just as logically and erroneously reason that because the evidence is "in effect the same," the guilty verdicts indicate the jury's true intentions and the verdicts of acquittal should be reversed. *United States v. Powell*, 469 U.S. at 68, 105 S.Ct. at 479.

390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *Standefer v. United States,* 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980); *Hamling v. United States,* 418 U.S. 87, 102, 94 S.Ct. 2887, 2899, 41 L.Ed.2d 590 (1974); Annot., 22 A.L.R.3d 716 (1968). Appellant's argument is premised upon the erroneous assumption that the acquittals resulted from a determination by the jury that the evidence was necessarily insufficient to find guilt beyond a reasonable doubt. Such a view is purely speculative. A jury's acquittal of a defendant, whether tried separately or jointly with others, may also result from some compromise, mistake, or lenity on the jury's part. *Dunn,* 284 U.S. at 394, 52 S.Ct. at 191; *United States v. Dotterweich,* 320 U.S. 277, 279, 64 S.Ct. 134, 135, 88 L.Ed. 48 (1943); *United States v. Powell,* 469 U.S. at 65–67, 105 S.Ct. at 477–78.

■ In his case, appellant provides no basis, and we find none, to delve into the deliberation of the jurors to ascertain the reasons for their different verdicts. Courts have always resisted inquiring into the jury's thought processes and deliberations. Once the jurors have heard the evidence at trial and the case is submitted to them, the litigants must, with few exceptions, accept their collective judgment. The jury may have exercised its lenity on behalf of defendants Dominguez and Coleman. It may have been persuaded by their testimony that because they carried no knives to the fight, they did not intend to seriously injure or kill Evert. An appraisal of these and other factors was within the jury's province.[2]

We assume that the jury believed those portions of the evidence that support the guilty verdict, including the evidence unfavorable to appellant and the evidence favorable to other defendants. The alleged inconsistent testimony of various witnesses was heard by the jury, which was entitled to evaluate its weight and credibility. *State v. Hewitt,* 689 P.2d 22 (Utah 1984). Without again detailing the facts against appellant in the lengthy trial proceedings, there was sufficient evidence for the jury to conclude, beyond a reasonable doubt, that appellant intended to cause serious bodily harm to and/or the death of his fellow prison inmate.

The conviction of appellant Christensen is affirmed.

---

**2.** The jury also considered Christensen's admission that he carried a large knife and struck the deceased with it. Similarly, the jury was not required to accept his justification for having stabbed the deceased from behind.