### STATE of Utah, Plaintiff and Respondent,

v.

### John Earl McMILLAN, Defendant and Appellant.

### No. 15654.

Supreme Court of Utah.

Nov. 27, 1978.

Bruce Lubeck, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., R. Paul VanDam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

The appellant, defendant below, appeals from judgments of conviction of two crimes:

1. Forcible Sodomy, and
2. Forcible Sexual Abuse.

The sole basis of his appeal lies in his claim that a child witness was not a competent witness and that two other witnesses were permitted over objection to give hearsay testimony.

Four children, two of whom were four years of age and two three years of age, were playing near a house under construction. The mother of two of the children saw them talking to a man who appeared to

be a workman on the construction project. The mother was in her kitchen approximately 175 to 200 feet distant. She called to her children to come home. A few minutes later she noticed that the children were not visible and so she went to the unfinished building to look for them, and as she entered the garage part of the house the four kiddies came out of an opening from the house into the garage and the four year old son of her neighbor said: "That man showed us his weenie. He let us feel it, and we tasted it and it tasted yukky."

At trial the mother was permitted over objection to testify to the statement made by the neighbor boy. This is the testimony which is claimed to be "hearsay." The court allowed the testimony saying, "The objection is overruled. She may answer; not for the truthfulness of what is said but that it was said."

▮ The testimony clearly was hearsay unless it us within one of the exceptions to the rule. Subsection (4) of Rule 63 of our Rules of Evidence provides the following exception to the hearsay rule:

A statement (a) which the judge finds was made while the declarant was perceiving the event or condition which the statement narrates, describes or explains, or (b) which the judge finds was made while the declarant was under the stress of a nervous excitement caused by such perceptions . . . .

The Supreme Court of Washington stated the doctrine properly in the case of *Johnston v. Ohls*:[1]

The crucial question in all cases is whether the statement was made while the declarant was still under the influence of the event to the extent that his statement could not be the result of fabrication, intervening actions, or the exercise of choice or judgment. See *Robbins v. Greene* [*Robbins v. Greene*, 43 Wash. 2d 315, 261 P.2d 83], supra; *McCandless v. Inland Northwest Film Serv., Inc.* [*McCandless v. Inland Northwest Film Serv., Inc.*, 64 Wash.2d 523, 392 P.2d 613], supra.

While we do give deference to rulings made by the trial court in these evidentiary matters, particularly when the statement in question occurs some time after the event, we feel that the statements in question are so clearly part of the res gestae that their exclusion is error. The possibility that statements made to a state patrol officer by a 4-year-old child in a hospital emergency room within an hour after she had received serious facial lacerations would be the product of fabrication or a reasoned attempt to improve her position in a subsequent lawsuit is almost too remote to be considered.

Likewise, in the instant matter, the probability that the four year old child, within minutes after the occurrence of an event such as he described, would fabricate a falsehood is unthinkable.

In the case of *State v. Hutchinson*[2] a five year old boy was sexually assaulted. Within three or four minutes afterwards when the parents found him near the scene of the offense the child said "That was a bad man, Mommy," and then told his parents what had occurred. The parents were permitted to relate the statement to the court.

The annotation in 83 A.L.R.2d at page 1372 states the trend of the law:

It will be observed that many courts have relaxed the common-law requirements surrounding the admissibility of oral utterances, under the res gestae exception, where the declarant was a child of tender years, and that such relaxation has extended both to cases in which the child appeared as a witness, and to cases where the child was too young to be sworn.

In the present matter the little boy identified the defendant the next day. He testified at trial and demonstrated unusual intelligence for a five year old boy. His testimony was positive and clear, although counsel for the defendant managed to cause

---

1. 76 Wash.2d 398, 457 P.2d 194 at 199 (1969).

2. 222 Or. 533, 353 P.2d 1047 (1960).

some confusion in the testimony by asking questions with negatives and double negative clauses. The child also was unable to tell the time of the year or the month when the offense occurred, some six months prior to his testimony. However, the judge, sitting without a jury had the duty to decide where the truth of the testimony lay and he chose to believe the positive testimony of the child.

The defendant voluntarily made admissions to an officer after being fully advised of his right to remain silent, to have a lawyer present etc. By his own admission he permitted the children to see and feel his penis and at a time when he had an erection. He denied that he caused them to "taste" it. This admission sustains the boy's testimony and gives positive credence to his statements made to the mother of two other children.

The court had evidence before it which would justify a verdict of guilt beyond a reasonable doubt.

At sentence the court had evidence to the effect that the defendant had a long history of indecent exposure etc. and that the defendant was not likely to commit any acts of violence. Accordingly, the defendant was placed on probation on condition that he serve nine months in the county jail and thereafter a program for the assistance of sexual deviants given by the Veterans Hospital.

The judgments and sentences of the court are hereby affirmed.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.