**STATE of Utah, Plaintiff and Respondent,**

v.

**Jonathan KAYTSO, Defendant and Appellant.**

**No. 18590.**

Supreme Court of Utah.

June 29, 1984.

G. Fred Metos, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM.

This case is before us on appeal from defendant's conviction by jury trial of rape upon a nine-year-old Indian girl. At the time, the victim was living with her elder sister and tending the sister's three young-

sters. The only issue is the contention that three witnesses (the sister, an investigating policewoman, and a doctor) were allowed to relate hearsay testimony over objection of defense counsel.

The incident occurred in the sister's absence at her home, where the sister's boyfriend (defendant) had been living. The girl was reluctant to talk at trial. The testimony objected to was as to statements made by the girl to the witnesses within two hours after the event. Collectively, the testimony was that the girl had said defendant had removed both his and the girl's outer garments and then raped her. That the girl had been raped was corroborated by the doctor's examination. The evidence indicated that after the rape, the girl was found crying and in a highly nervous state and quite upset.

The State insists that the testimony was admissible as an exception to the hearsay rule under Rule 63(4), Utah Rules of Evidence, in effect at the time of trial (since replaced). Subsection (4)(b) thereof allows a statement "which the judge finds was made while the declarant was under the stress of nervous excitement" caused by perception of the event or condition which the statement narrates, describes or explains.

■ The defendant argues that at the time the statements were made, the girl was not in a state of nervous excitement but was quiet and withdrawn. A person who gives a statement under stress of nervous excitement need not be hysterical as long as she is still under the emotional influence of the event. Defendant also argues that the girl's statements were not spontaneous since they were made in response to specific questions. Again, statements made in response to questions may still be under the stress of the event. As stated in *Johnston v. Ohls*, 76 Wash.2d 398, 457 P.2d 194 (1969):

> The crucial question in all cases is whether the statement was made while the declarant was still under the influence of the event to the extent that his statement could not be the result of fabrication; intervening actions, or the exercise of choice or judgment.

In a similar case involving a nine-year-old Indian girl where an objection was made as to inadmissibility, the hearsay was uttered 1½ hours after the event and corroborated by the police and a doctor. Where similar stress was extant as that present here, the Court upheld admission of the hearsay in evidence.[1]

■ The trial judge did not abuse his prerogative under Rule 63(4). Consequently, as traditionally we are obliged to do under such circumstances, we leave undisturbed the judgment below.

The verdict and judgment are affirmed.

*Los Angeles & Salt Lake Railroad Company*, 37 Utah 475, 109 P. 10 (1910).

---

1. *United States v. Iron Shell*, 633 F.2d 77 (8th Cir.1980). *See also State v. McMillan*, Utah, 588 P.2d 162 (1978), and *Cromeenes v. San Pedro,*