STATE of Utah, Plaintiff and Respondent,

v.

Debbie BERGWERFF, Defendant and Appellant.

No. 880265–CA.

Court of Appeals of Utah.

July 12, 1989.

---

**11.** Utah R.Civ.P. 15(b); *Mabey v. Kay Peterson Const. Co., Inc.,* 682 P.2d 287 (Utah 1984); *Col-* *man v. Colman,* 743 P.2d 782, 785 (Utah App. 1987).

Robert Van Sciver (argued), Margo L. James, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Charlene Barlow (argued), Asst. Atty. Gen., for plaintiff and respondent.

Before BILLINGS, CROFT,[1] and GARFF, JJ.

## OPINION

BRYANT H. CROFT, Senior District Judge:

Defendant Debbie Bergwerff was convicted of aggravated arson but acquitted of insurance fraud in connection with the burning of her home. We affirm.

Bergwerff's home was severely damaged by fire on the evening of December 5, 1986. The evidence conflicted concerning how the fire started. The state maintains that Bergwerff poured lamp oil on the carpet in the den of the home and intentionally set it on fire. Bergwerff's version is that she accidentally spilled some lamp oil in the den, after which her husband, not knowing of the spill, vacuumed the den and left the vacuum cleaner over the spill. According to Bergwerff, spontaneous combustion caused by bird droppings in the vacuum cleaner bag and lamp oil fumes ignited the oil-soaked carpet and caused the fire. The Bergwerffs had left home on vacation shortly before the fire started.

The case was tried to a jury. Experts testified concerning their investigations of the cause of the fire and the possibility of spontaneous combustion. The jury returned a verdict finding Ms. Bergwerff guilty of aggravated arson and not guilty of insurance fraud. Her husband was acquitted on both charges. On appeal, Ms. Bergwerff challenges the verdict, arguing that it is inconsistent, and based on insufficient evidence and an incorrect jury instruction.

It is the jury's prerogative to weigh the evidence, infer the material facts from it, and apply the law stated in the jury instructions to the facts.[2] In order to preserve this prerogative, we review the evidence in the light most favorable to the verdict, and do not overturn a jury's verdict of criminal conviction unless reasonable minds could not rationally have arrived at a verdict of guilty beyond a reasonable doubt based on the law and on the evidence presented.[3]

Bergwerff argues that the verdict is inconsistent in two respects: (1) her husband was acquitted, whereas she was convicted, and (2) her conviction for arson is inconsistent with her acquittal for insurance fraud. However, neither argument provides sufficient basis for overturning the jury's verdict.[4] The jury could reasonably conclude that Ms. Bergwerff's role in causing the fire justifies her conviction, even though her husband, whose role was different, was acquitted. The jury could also reasonably conclude that Ms. Bergwerff intended to damage a habitable structure by fire, the only intent required under Utah Code Ann. § 76–6–103 (1978) for the crime of aggravated arson. That intent differs from the intent to present a fraudulent insurance claim in violation of Utah Code Ann. § 76–6–521 (1978). There is therefore no inconsistency in finding Bergwerff guilty of aggravated arson but innocent of insurance fraud. The verdict is thus either not logically inconsistent at all, or its claimed inconsistencies are distinctions which we, under the applicable standard of review, find to be reasonably grounded in the evidence.

1.  Bryant H. Croft, Senior District Judge, sitting by special appointment pursuant to Utah Code Ann. § 8–3–24(*l*)(j) (1987).

2.  *See State v. Porter,* 705 P.2d 1174, 1177 (Utah 1985); *State v. Lovato,* 702 P.2d 101, 107 (Utah 1985); *State v. Hewitt,* 689 P.2d 22, 25 (Utah 1984).

3.  *See State v. Purcell,* 711 P.2d 243, 245 (Utah 1985); *State v. Petree,* 659 P.2d 443, 444 (Utah 1983); *State v. Gabaldon,* 735 P.2d 410, 412 (Utah App.1987).

4.  *State v. Stewart,* 729 P.2d 610, 613 (Utah 1986).

■ Ms. Bergwerff also attacks the verdict, not only as being inconsistent, but also as being without sufficient evidentiary support. We have reviewed the record, however, and hold that the jury had evidence before it such that its verdict was not "so inconclusive or so inherently improbable that a reasonable person must have reasonably doubted [her] guilt." [5]

■ Finally, Ms. Bergwerff argues that the jury was erroneously instructed. Specifically, Ms. Bergwerff argues that the jury should have been instructed that intent to defraud an insurer is an essential element of the crime of aggravated arson. Such intent is, as we have noted above, not an element of aggravated arson as defined in Utah Code Ann. § 76-6-103, and the jury was correctly instructed concerning the elements specified in that statute. Intent to defraud an insurer was erroneously noted in the information as comprising an element of aggravated arson; however, the effect on the jury of that error in the information was inconsequential, particularly in view of the fact that a correct instruction on the subject was later given to the jury immediately before their deliberations, to which no objection was taken. The error in the information was therefore harmless.[6]

Since there thus appears to be no reason sufficient to overturn the verdict, the judgment is affirmed.

BILLINGS and GARFF, JJ., concur.

---

5. *State v. Purcell,* 711 P.2d 243, 245 (Utah 1985); *State v. Petree,* 659 P.2d 443, 444 (Utah 1983); see also *State v. Johnson,* 774 P.2d 1141, —— (Utah 1989); *State v. Cobb,* 774 P.2d 1123, 1129–30 (Utah 1989); *State v. Gardner,* 101 Utah Adv.Rep. 3, 10, —— P.2d ——, —— (Utah 1989); *State v. Gabaldon,* 735 P.2d 410, 412 (Utah App. 1987).

6. *See* Utah R.Crim.P. 30(a) (codified at Utah Code Ann. § 77–35–30 (1982)); *State v. Johnson,* 771 P.2d 1071, 1073–74 (Utah 1989); *State v. Hansen,* 734 P.2d 421, 428 (Utah 1986).