PEOPLE v HOUGHTELING

Docket No. 115363. Submitted April 17, 1990, at Lansing. Decided
    May 22, 1990. Leave to appeal applied for.

Gerald M. Houghteling was convicted of first-degree criminal
    sexual conduct involving a five-year-old child at the conclusion
    of a jury trial in the Tuscola Circuit Court, Patrick R. Joslyn, J.
    The court departed from the sentencing guidelines in imposing
    a sentence of life imprisonment. Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in admitting,
    under the excited utterance exception to the hearsay rule,
    testimony by which the victim's mother related incriminating
    statements made by the victim some nineteen to twenty hours
    after the assault. Defendant's assault of the victim was suffi-
    ciently startling to have created excitement lasting until the
    victim made her statements.

2. In determining the victim's competency to testify, it was
    not improper for the trial court to have conducted the examina-
    tion of the victim in the presence of the jury.

3. The trial court sufficiently articulated on the record its
    reasons for departing from the sentencing guidelines, and the
    sentence imposed was not shocking to the judicial conscience.

Affirmed.

1. Evidence — Hearsay — Excited Utterances.

A statement must meet three criteria to come within the excited
    utterance exception to the hearsay rule: (1) it must arise out of
    a startling occasion; (2) it must be made before there has been
    time to contrive and misrepresent; and (3) it must relate to the
    circumstances of the startling occasion (MRE 803[2]).

2. Witnesses — Child Witnesses — Competency.

A trial judge, in determining a child's competency to testify, may
    conduct an examination of the child in the presence of the jury.

References
Am Jur 2d, Criminal Law § 538; Evidence §§ 710, 716, 719, 728;
    Witnesses § 92.
Time element as affecting admissibility of statement or complaint
    made by victim of sex crime as res gestae, spontaneous exclama-
    tion, or excited utterance. 89 ALR3d 102.

3. CRIMINAL LAW — SENTENCING — DEPARTURES FROM SENTENCING GUIDELINES.

　　A sentencing court, when departing from the range recommended by the sentencing guidelines, must articulate reasons for its departure on the record; the reasons should be balanced with the objectives of imposing sentence, which include disciplining the defendant, protecting society, reforming the defendant, and deterring others.

4. CRIMINAL LAW — SENTENCING — APPEAL.

　　A sentence imposed on a criminal defendant is shocking to the conscience of an appellate court, such that relief must be granted, where the sentence far exceeds what all reasonable persons would perceive to be an appropriate response to the crime and the criminal.

*Frank J. Kelley,* Attorney General, *James R. Reed,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

*Law Offices of Brian R. Schrope, P.C.* (by *Walter J. Salens*), for defendant on appeal.

Before: WEAVER, P.J., and GILLIS and CAVANAGH, JJ.

PER CURIAM. Gerald Marvin Houghteling was charged with first-degree criminal sexual conduct and specifically accused of engaging in sexual penetration with A, the five-year-old daughter of his then-fiancée. Following a jury trial defendant was convicted of first-degree CSC, MCL 750.520b(1); MSA 28.788(2)(1)(a). Houghteling was sentenced to life imprisonment. He now appeals as of right. We affirm.

I

Houghteling first argues that the court erred in admitting the hearsay testimony of A's mother relating statements made by A when describing

the assault. The trial judge admitted the testimony under MRE 803(2)[1] as an excited utterance.

To come within the excited utterance exception to the hearsay rule, a statement must meet three criteria: (1) it must arise out of a startling occasion; (2) it must be made before there is time to contrive and misrepresent; and (3) it must relate to the circumstances of the startling occasion. *People v Burton,* 433 Mich 268; 445 NW2d 133 (1989).

Defendant argues that the statements made by A were not spoken while she was still under the stress caused by the events of the night before, and the nineteen to twenty hour time span would have allowed A time to contrive or misrepresent what really happened.

The assault occurred between 7:00 and 9:00 P.M. on March 30, 1988, while defendant was baby-sitting children. The following day A's mother learned something from her three-year-old daughter that prompted her to question A when A returned from school at approximately 4:00 P.M.

Prior to the admission of the statement, the court made a separate record outside the presence of the jury to determine whether a foundation could be laid for admission of the statement under MRE 803(2) as an excited utterance. This record shows that A's mother questioned her about the events of the night before as soon as she got off the school bus. A said nothing, until her younger sister said, "I already told Mom." A began crying and

[1] MRE 803 provides in part:
    The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

*  *  *

(2) *Excited utterance.* A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

became upset, saying that it was a secret, and they weren't supposed to tell. When again asked what happened, A related the details of the assault.

The court ruled that the statement made by A to her mother was admissible under MRE 803(2). The trial judge found that A was still feeling the effects of the startling event, and it was a short period of time for a five-year-old child. The court also noted that the mother's questions did not in any way suggest the answers.

We agree with the trial court that the event was sufficiently startling to have created excitement lasting for less than one full day. The statement was therefore properly admitted under the excited utterance exception to the hearsay rule, *People v Draper,* 150 Mich App 481; 389 NW2d 89 (1986), lv den 431 Mich 868 (1988), especially since A was apparently still suffering from the stress of the assault when she spoke to her mother. The trial court did not abuse its discretion in admitting evidence of the excited utterance. *People v Petrella,* 124 Mich App 745; 336 NW2d 761 (1983), aff'd 424 Mich 221 (1985).

II

Defendant next contends the trial court erred in questioning A in the presence of the jury to determine whether she was competent to testify. Defendant argues that qualifying A as a witness, with the trial judge implying she was worthy of belief, improperly bolstered A's credibility.

At trial defendant failed to object to A's being questioned in the presence of the jury. Thus, the issue was not preserved and a reversal is not required unless the error complained of has resulted in a miscarriage of justice. *People v Rau,* 174 Mich App 339; 436 NW2d 409 (1989).

In support of his position defendant relies solely on *Bowdle v Detroit Street Railway Co*, 103 Mich 272; 61 NW 529 (1894). Defendant incorrectly asserts that *Bowdle* held that an examination concerning the competency of a witness must not take place in the presence of the jury. The actual holding of the case is that the court cannot leave the determination of competency to the jury, but rather it must be determined as a question of law by the trial court.

It is not error for the judge to examine the child witness in front of the jury to determine the child's competency to testify. *People v Wright*, 149 Mich App 73; 385 NW2d 731 (1986), lv den 425 Mich 876 (1986). Moreover, a review of the brief exchange[2] which took place convinces us that no prejudice could have resulted to defendant.

---

[2] The examination was as follows:

*The Court:* A, could you come right up here and have a seat. Let me help you out here, and get the microphone kind of close, because see those people over there, they're the jury, and they have to hear what you have to say, okay?

*The Witness:* (Witness nodding head)

*The Court:* What is your name?

*The Witness:* A.

*The Court:* And how old are you A?

*The Witness:* Five.

*The Court:* And, so you're not in school yet, are you?

*The Witness:* Yes.

*The Court:* Are you [sic] did you start kindergarten this year, or preschool?

*The Witness:* Kindergarten.

*The Court:* So you're going half days? Are you a half day in school?

*The Witness:* (Witness nodding head)

*The Court:* A, do you know what it is to tell the truth?

*The Witness:* (Witness nodding head)

*The Court:* And do you know what it is to lie?

*The Witness:* (Witness nodding head)

*The Court:* Is it good to tell the truth?

*The Witness:* Yes.

*The Court:* Is it bad to lie?

*The Witness:* Yes.

*The Court:* Are you going to tell the truth here, or are you going to lie here today?

III

Finally, defendant complains that the judge failed to articulate his reasons for departing from the sentencing guidelines and that the sentence imposed shocks the conscience.

To facilitate appellate review, the sentencing court must articulate on the record the criteria considered and the reasons for the sentence imposed. *People v Fleming,* 428 Mich 408; 410 NW2d 266 (1987). The reasons should be balanced with the objectives of imposing sentence, which include disciplining the defendant, protecting society, reforming the defendant, and deterring others. *People v Snow,* 386 Mich 586; 194 NW2d 314 (1972). Defendant's allegation that the trial court failed to articulate reasons for departure from the guidelines is contrary to the record. The trial judge fully articulated the reasons for the sentence im-

---

*The Witness:* Tell the truth.

*The Court:* You're going to promise me you're going to tell the truth?

*The Witness:* Yes.

*The Court:* Would it be true if you said you had a red ribbon in your hair today?

*The Witness:* No.

*The Court:* Oh it would not be? What would be true? Do you have a red ribbon in your hair today?

*The Witness:* Yes.

*The Court:* Is that true then?

*The Witness:* Yes.

*The Court:* Would it be true if you said you had a green ribbon in your hair today?

*The Witness:* No.

*The Court:* No. Any voir dire touching upon the witness' competency by the Prosecution or Defendant?

*Mr. Murray:* No your Honor.

*Mr. Perlman:* No your Honor.

*The Court:* The Court rules the witness may testify in these proceedings based upon her promise to tell the truth. You may proceed under the statute.

posed, focusing on the reprehensible nature of the crime, the harm to the victim, potential harm to society, deterrence, and his belief that the defendant could not be rehabilitated. This argument is without merit.

Nor do we find error which would require reversal in defendant's contention that his life sentence shocks the conscience. To be shocking to the judicial conscience, a sentence must far exceed what all reasonable persons would perceive to be an appropriate response to the crime and the criminal. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). In reviewing this sentence we note that the guidelines would suggest a minimum-maximum range of twelve to fifteen years. However, defendant is currently eligible for parole after serving only ten years of his sentence. MCL 791.234; MSA 28.2304. This sentence may actually be quite lenient. Our conscience is not shocked.

Finding no error requiring reversal, we affirm.