Donald D. DEZARN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3500.

Court of Appeals of Alaska.

May 29, 1992.

R. Scott Taylor, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Kenneth M. Rosenstein, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Donald D. Dezarn was convicted of first-degree sexual abuse of a minor, AS 11.41.-434(a)(1), following a bench trial in the Anchorage superior court. He appeals his conviction, arguing that the superior court should not have admitted an out-of-court statement of the victim and that, without this challenged evidence, the State could not satisfy the *corpus delicti* rule. We affirm.

Dezarn was convicted of sexually abusing a two-year-old girl, S.F. Dezarn had been living with S.F.'s mother, but they had had a falling out, and Dezarn was in

the process of moving out of the residence. Nevertheless, on June 13, 1989, Dezarn was left to care for S.F. while her mother was at work.

That evening, Dezarn was in and out of the house, moving his belongings to his brother's residence. About fifteen minutes after Dezarn had left for the last time, S.F. and her mother went by car to visit a friend. While they were driving, S.F. was unusually quiet. S.F.'s mother asked her if anything was wrong. S.F. replied, "Mommy, Don licked my vagina." Dezarn subsequently confessed, both to a police investigator and to his mother, that he had sexually abused S.F.

Dezarn's trial began in early December. S.F. was unable to recollect or meaningfully relate the events of June 13; Superior Court Judge Mark C. Rowland ruled that she was incompetent to testify. However, Judge Rowland ruled that S.F.'s statement to her mother in the car was admissible, through her mother's testimony, both as an excited utterance under Alaska Evidence Rule 803(2) and under the residual hearsay exception contained in Evidence Rule 804(b)(5).

THE COURT: I'm going to find that the statements are admissible, that there's sufficient foundation under both 803 and 804. And first of all, it should be understood that the finding of incompetency with regard to [S.F.'s] testimony at trial ... does not logically apply to [her] report to [her] mother [which is] under consideration in this hearing.

First of all, with regard to the excited utterance exception: The event which was reported was certainly an exciting event, even for a child this age, it was so unusual as to be exciting, I believe. I believe she was still under the influence of the event at the time she made the report, based upon the change of mood which took place just prior to the report. That 4 hours had passed, of course, [is] of significance, but I don't think dispositive. I don't think a mechanistic analysis—so many minutes, so many hours—is appropriate. It's only one factor to be considered, and it should be considered

... in conjunction with her age, the nature of the stimulus, ... and the circumstances existing at the time the report was made.

I've considered that it was the child's first opportunity to report to a reliable adult privately, in my judgment, and that was her mother. [Dezarn] was in and out, apparently present right up until the time of the report.... So, really, at the time [S.F.] got into the car, it was the first time that she had an opportunity to report privately to a reliable and safe adult, from her point of view. And that report was made within 4 or 5 minutes after that situation presented itself.

I find nothing in the testimony that would be a discernible motive for the child to report falsely. She apparently—her mother says that she may have been angry at him before, but she described her relationship, she said she loved Don, I believe at one hearing here. There's nothing to indicate that she was hostile to the defendant at any time.... It seems unlikely that a child of this age, frankly, would construct such a report for her own purposes. It's so outside of her normal experience as to make that unlikely. I've considered that it was not a response to any suggestive inquiry by another person. It certainly was [in response] to an inquiry as to why she was quiet, but that's not a suggestive inquiry. And it appears to me that the report was totally spontaneous. I can find no reason in the evidence that would suggest a purpose for reflection and deliberation, and, as I suggested before, perhaps it's not even possible for the child to have reflected and deliberated as to how such a report could be used for her own purposes....

Following this ruling, the parties agreed to a bench trial before Judge Rowland and stipulated to the evidence outlined above. Judge Rowland found Dezarn guilty.

On appeal, Dezarn argues that S.F.'s out-of-court statement should not have been admitted. He then argues that, without S.F.'s statement, the State had no evidence to corroborate his confessions and thus the

State failed to satisfy the *corpus delicti* rule. *Armstrong v. State*, 502 P.2d 440, 447 (Alaska 1972); *Drumbarger v. State*, 716 P.2d 6, 12 (Alaska App.1986).

■ A trial judge's ruling that a particular out-of-court statement qualifies as an excited utterance depends on the specific facts of the case and is, in effect, a finding of fact regarding the declarant's state of mind at the time of the utterance. For this reason, the trial court's ruling will not be reversed on appeal unless it is shown to be clearly erroneous. *Lipscomb v. State*, 700 P.2d 1298, 1306 (Alaska App.1985).

■ To be admissible as an excited utterance, an out-of-court statement must have been made while the declarant was under "a condition of excitement which temporarily still[ed] the capacity [for] reflection and produce[d] utterances free of conscious fabrication." Commentary to Evidence Rules 803(1)–(2), third paragraph. The declarant's spontaneity, a product of the emotions being experienced by the declarant, is the key factor in determining the admissibility of the statement. *Id.* The trial court must decide how long the declarant was at a level of emotional excitement to produce a spontaneous out-of-court statement.

■ Dezarn argues that S.F.'s statement should not have been admitted because S.F. was not "excited" but instead was subdued when she made the statement to her mother. Dezarn's argument confounds effusiveness with the condition of excitement or emotional stress required by the rule. Extreme emotion can still a person's speech as well as evoke it. S.F.'s mother testified that S.F. was unusually quiet, and Judge Rowland concluded that S.F.'s withdrawn behavior was a symptom of her emotional stress. This finding was not clearly erroneous.

Dezarn also argues that too much time elapsed between the act of sexual abuse and S.F.'s statement to her mother for the statement to have been spontaneous rather than the product of reflection. The evidence at trial shows that as many as ten hours may have elapsed between the act of cunnilingus and S.F.'s statement to her mother in the car. Moreover, S.F. had been playing with a friend, apparently peacefully, for three hours before she told her mother about the abuse.

Dezarn relies upon *Sluka v. State*, 717 P.2d 394, 397–98 (Alaska App.1986), in which this court held that a child's out-of-court statements of physical abuse were not admissible as excited utterances because (1) four hours had elapsed since the assault the child described; (2) the child's statements were made in response to concerted questioning by adults, including a social worker and a pediatrician, who suspected child abuse because of the extensive bruising on the child's body; and (3) witnesses to the child's statements testified that the child was happy and "aloof" when she made her statements.

■ Compared to the facts in *Sluka*, Dezarn's case involves a similar, if not a substantially longer, interval between the act of abuse and the child's statement reporting the abuse. However, the amount of elapsed time is not the sole factor to be considered. As the Commentary to Evidence Rule 803(2) notes, "Obviously there are no pat answers [to the question of how long the declarant's emotional excitement might persist], and the character of the transaction or event will largely determine the significance of the [elapsed] time." *Id.*, fifth paragraph.

For example, in *Morgan v. Foretich*, 846 F.2d 941 (4th Cir.1988), the court upheld the admission of a four-year-old's statements of physical abuse under Federal Evidence Rule 803(2) even though the child's statements were made up to three hours after the child had been returned home to her mother. Other courts have upheld the admission of young children's statements, despite long intervals between the statement and the event described, when the statements were made at the child's first substantial opportunity to inform a trusted adult. *See People v. Nevitt*, 135 Ill.2d 423, 142 Ill.Dec. 854, 862, 553 N.E.2d 368, 376 (1990), upholding admission of a three-year-old's statement uttered five hours after the assault; and *State v. Boston*, 46 Ohio St.3d 108, 545 N.E.2d 1220, 1231 (1989), uphold-

ing admission of a three-year-old victim's statement made the day after the incident. *See also State v. Padilla*, 110 Wis.2d 414, 329 N.W.2d 263, 267 (Wis.App.1982), upholding admission of statements by a ten-year-old child made three days after the incident.

In Dezarn's case, Judge Rowland found that an act of cunnilingus was the type of event that would put a two-year-old in a state of emotional excitement or stress. Judge Rowland also found that S.F. went through a pronounced change of mood just before she made her statement to her mother (that is, soon after Dezarn left the house for the evening)—indicating that she was experiencing emotional stress from the event. While Judge Rowland recognized that S.F. had made the statement in response to her mother's question, he found that the mother's question had been a neutral, non-suggestive "What's wrong?".

■ Moreover, Judge Rowland concluded that S.F.'s several-hour delay in bringing the event to her mother's attention was explainable; Judge Rowland noted that S.F. reported the abuse to her mother at the "first opportunity to report to a reliable adult privately". Finally, Judge Rowland found no evidence of pre-existing hostility between S.F. and Dezarn, and he concluded that a two-year-old child would scarcely be capable of calculatedly accusing an adult of sexual abuse.

Based on the record, these findings are not clearly erroneous. We therefore conclude that Dezarn has not shown that Judge Rowland committed error when he ruled that S.F.'s statement to her mother was admissible as an excited utterance. Dezarn concedes that excited utterances are a "firmly rooted hearsay exception" and that therefore the admission of an out-of-court statement under this exception does not violate the confrontation clause. *White v. Illinois*, —— U.S. ——, 112 S.Ct. 736, 742–43 and 742 n. 8, 116 L.Ed.2d 848 (1992); *Bourjaily v. United States*, 483 U.S. 171, 181–84, 107 S.Ct. 2775, 2782–83, 97 L.Ed.2d 144 (1987); *Lipscomb v. State*, 700 P.2d 1298, 1308 n. 10 (Alaska App. 1985).

Because we conclude that S.F.'s statement to her mother was admissible under Evidence Rule 803(2), we need not reach Judge Rowland's alternative ruling that S.F.'s statement was also admissible under Evidence Rule 804(b)(5).

The judgement of the superior court is AFFIRMED.