**STATE of Utah, Plaintiff and Appellee,**

v.

**Troy Jon HANCOCK, Defendant and Appellant.**

**No. 930715–CA.**

Court of Appeals of Utah.

April 28, 1994.

---

Milton T. Harmon, Nephi, for appellant.

Jan Graham and Thomas Brunker, Salt Lake City, for appellee.

Before GREENWOOD, JACKSON and ORME, JJ.

JACKSON, Judge:

Troy Jon Hancock appeals his conviction for aggravated sexual assault, a first degree felony, in violation of Utah Code Ann. § 76-5-405 (1990). Hancock specifically argues that the jury returned inconsistent verdicts. Hancock also argues that the trial court unlawfully deprived him of an investigator to assist in his defense. We affirm.

## FACTS

On appeal, we view the facts in the light most favorable to the jury's verdict. *State v. Johnson*, 821 P.2d 1150, 1153 (Utah 1991); *State v. Verde*, 770 P.2d 116, 117 (Utah 1989). We recite the facts accordingly.

The victim and her husband spent Labor Day weekend of 1992 at Yuba Lake State Park. On the morning of September 1, the couple argued, and the victim's husband walked off. The victim became concerned and eventually set off on foot to look for him. While she was looking for her husband, Hancock and co-defendant Jed Gressman pulled up in a compact pick-up truck and offered the victim a ride. The victim recognized Gressman and accepted. The victim asked Gressman and Hancock to head west in pursuit of her husband. Gressman and Hancock refused and traveled east.

Gressman and Hancock began fondling the victim. The victim repeatedly asked them to stop the truck and to let her out. She also

shouted for help to the people they passed. Hancock told the victim she "would make it a lot easier on [herself] if [she were] willing to do them both." Hancock stopped the truck in a deserted area. The victim struggled to break free, but Gressman hit her in the ribs. The victim escaped briefly, but Hancock caught her and threw her to the ground. The victim reported that Hancock held her down while Gressman raped her, that she then hit her head on a rock, and that the next thing she saw was Hancock and Gressman trying to get the truck unstuck.

The Juab County Sheriff arrested Hancock and Gressman charging them both with rape, aggravated kidnapping, and aggravated sexual assault. Hancock, however, was not bound over for trial on the rape charge. Prior to his trial for aggravated kidnapping and aggravated sexual assault, Hancock filed a motion for appointment of an investigator to assist in preparation of his defense pursuant to Utah Code Ann. § 77-32-1 (1990). At the hearing on that motion, the trial court ruled as follows: "I am going to require you to exhaust whatever records that the police department have [sic], interview anybody that they may have named or know about. I am sure that [the prosecutor] will furnish you with whatever information he has before we go to the expense of appointing an investigator." The record contains no evidence that during the five months before trial Hancock either exhausted available sources of information or repeated his request for appointment of an investigator.

At trial the victim admitted that she had reported to the examining physician that she could not remember penetration. The jury found Gressman not guilty of rape and not guilty of aggravated kidnapping. The jury likewise found Hancock not guilty of aggravated kidnapping. However, the jury found both Gressman and Hancock guilty of aggravated sexual assault. Hancock now appeals, arguing that his conviction on aggravated sexual assault is inconsistent with Gressman's acquittal on rape. Hancock argues alternatively that the trial court's ruling on his motion for an investigator effectively denied him a fair trial.

## ANALYSIS

### Inconsistency of the Jury Verdicts

Hancock contends the jury verdicts are inconsistent because Gressman was found not guilty of rape; therefore, neither Gressman nor Hancock can be guilty of aggravated sexual assault. In effect, Hancock argues that aggravated sexual assault is a lesser included offense of rape. The State responds that rape and aggravated sexual assault are separate offenses, requiring proof of different elements; consequently, acquittal on rape is not inconsistent with conviction on aggravated sexual assault.

■ When considering an inconsistency challenge to jury verdicts, we "review the evidence in the light most favorable to the verdict" and will "not overturn a jury's verdict of criminal conviction unless reasonable minds could not rationally have arrived at a verdict of guilty beyond a reasonable doubt based on the law and on the evidence presented." *State v. Bergwerff*, 777 P.2d 510, 511 (Utah App.1989). We defer to the verdict because "[i]t is the jury's prerogative to weigh the evidence, infer the material facts from it, and apply the law stated in the jury instructions to the facts." *Id.*

■ As a threshold matter, we observe that Hancock's claim of inconsistency alone is not sufficient to overturn his conviction. In Utah, "it is generally accepted that the inconsistency of verdicts is not, by itself, sufficient ground to set the verdicts aside." *State v. Stewart*, 729 P.2d 610, 613 (Utah 1986). There must be additional error beyond a showing of inconsistency because appellate courts "have always resisted inquiring into the jury's thought processes and deliberations." *Id.* at 614. In the instant case, however, Hancock has failed even to show inconsistency in the verdicts.

■ When multiple crimes are charged and when those crimes each require proof of different elements, there is no inconsistency between guilty verdicts on some and not guilty verdicts on others. *Bergwerff*, 777 P.2d at 511; *see also State v. Velarde*, 734 P.2d 440, 446-47 (Utah 1986) (noting jury acquittal on murder did not foreclose convic-

tion on aggravated assault because crimes required different *mens rea*). The question in this case thus becomes whether rape and aggravated sexual assault require proof of different elements.

In Utah, "[a] person commits rape when the actor has sexual intercourse with another person without the victim's consent." Utah Code Ann. § 76–5–402(1) (Supp.1993). On the other hand, a person commits aggravated sexual assault if in the course of several enumerated sexual offenses, including rape *or attempted rape*, the actor engages in one of several specified aggravating circumstances. Utah Code Ann. § 76–5–405 (1990). Aggravated sexual assault encompasses a broader scope of criminal conduct than rape, and it includes attempted criminal conduct.[1] In other words, rape is not a predicate felony for aggravated sexual assault because the two crimes require proof of different elements. Hancock's conviction for aggravated sexual assault is conditioned neither on his being convicted for rape or attempted rape, nor on Gressman being convicted of rape or attempted rape.[2]

■ The trial court properly instructed the jury that it could find Hancock guilty of aggravated sexual assault if it found beyond a reasonable doubt that Gressman had either raped or attempted to rape the victim. From the evidence presented at trial, the jury reasonably could have found that Gressman, with Hancock's help, had attempted to rape the victim. Because the evidence supported the aggravated sexual assault charge but not the rape charge, the jury properly convicted Hancock and Gressman of aggravated sexual assault. Accordingly, we find no inconsistency in the verdicts and affirm Hancock's conviction for aggravated sexual assault.

### Appointment of an Investigator

Hancock alternatively argues that the trial court's ruling on his motion for an appointment of an investigator was an abuse of discretion and effectively denied Hancock a fair trial. The State responds that the trial court's condition of exhausting other available means of investigation before appointing an investigator was reasonable and not an abuse of discretion. The State also points out that Hancock neither complied with the trial court's condition nor repeated his motion for an investigator prior to trial.

■ We will not reverse a trial court's disposition of a motion for appointment of an investigator absent a showing that the trial court abused its discretion. *See State v. Cabututan*, 861 P.2d 408, 411–12 (Utah 1993). Trial courts are required to appoint an investigator for indigent defendants when necessary for a complete defense. Utah Code Ann. § 77–32–1(3) (1990). Trial courts must determine the circumstances under which an investigator is necessary for a complete defense, and trial courts have some discretion in that determination.[3]

■ In the instant case, the trial court placed conditions on the appointment of an investigator. The trial court required Hancock to exhaust all police records and to interview all witnesses the police had named before appointing an investigator. Given the nature of the case, these conditions were reasonable. Hancock did not update the

---

1. Hancock partly relies on Utah Code Ann. § 76–1–402 (1990), which precludes convictions under two different statutes that each punish the same conduct. That section of the criminal code does not apply here because we conclude the conduct punished by the rape statute is not the same conduct punished by the aggravated sexual assault statute. Moreover, Hancock was convicted under only one statute not two different statutes.

2. Because both Hancock and Gressman were convicted of aggravated sexual assault, there obviously is no inconsistency between the verdicts of the co-defendants.

3. The trial court's determination of whether to appoint an investigator must always focus on the facts of the case and never on the expense of such an appointment to the state, county, or municipality. Utah Code Ann. § 77–32–1(3) requires state prosecuting bodies to provide indigent defendants with investigators when necessary for their complete defense. Budgeting for such appointments is the responsibility of city councils, county commissions, and state legislatures. Trial courts need not worry about the expense of appointing an investigator; rather, trial courts should consider only the question of whether appointment of an investigator is necessary for a complete defense.

court on the progress of his investigation or renew his request for an investigator. Instead, he proceeded to trial five months later, without indicating to the court that his preparations were anything but complete. Accordingly, we cannot say that the trial court's ruling on the motion for appointment of an investigator constituted an abuse of discretion.

## CONCLUSION

We hold that rape and aggravated sexual assault are separate crimes, requiring proof of different elements; therefore, no inconsistency between Hancock and Gressman's jury verdicts exists. Additionally, we conclude that the trial court's conditions on its appointment of an investigator were reasonable; therefore, the trial court's ruling was not an abuse of discretion. We accordingly affirm Hancock's conviction for aggravated sexual assault.

GREENWOOD and ORME, JJ., concur.