STATE of Utah, Plaintiff and Appellee,

v.

Kevin KINROSS, Defendant and Appellant.

No. 940577–CA.

Court of Appeals of Utah.

Nov. 9, 1995.

Margaret P. Lindsay, Provo, for Appellant.

James H. Beadles, Phillip W. Hadfield, and Jan Graham, Salt Lake City, for Appellee.

Before BILLINGS, GREENWOOD and JACKSON, JJ.

JACKSON, Judge:

Kevin Kinross appeals his jury conviction for aggravated sexual abuse of a child, a first degree felony, in violation of Utah Code Ann. § 76–5–404.1(3) (1995). Specifically, Kinross challenges the trial court's admission into evidence of the victim's out-of-court statement under the hearsay rule's excited utterance exception. Having determined that "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument," Utah R.App.P. 29(a)(3), we affirm.

## FACTS

On appeal, we view the facts in a light most favorable to the jury's verdict. *State v. Johnson,* 821 P.2d 1150, 1153 (Utah 1991). We recite the facts accordingly. *State v. Hancock,* 874 P.2d 132, 133 (Utah App.), *cert. denied,* 883 P.2d 1359 (Utah 1994).

Kinross was home alone with his daughters, S.K., age three, and T.K., age two, for approximately three hours on the night of September 20, 1989. The girls' mother re-

turned home from work around 1:00 a.m. the next morning. Upon her return, the mother heard S.K. call out for her, and she entered the girls' bedroom.

S.K. was sitting on the top bunk and told her mother that T.K. was bleeding. T.K. was on the lower bunk on her hands and knees. The mother then entered Kinross's bedroom to ask why T.K. was bleeding. She noticed a blood spot at the end of Kinross's bed and blood spots going from Kinross's bedroom, through the hall, toward the bathroom, and into the girls' bedroom. The mother asked Kinross, "What the hell ... happened?" Kinross replied that T.K. had "scratched her peepee." Kinross told his wife he thought T.K. was fine because he had "cleaned her up and put a clean diaper on her and put her to bed."

The mother took off T.K's diaper and was shocked at the amount of blood in it. The blood seemed to flow from the child's vaginal area. As her mother attempted to clean and comfort her, T.K. said, "Hurt Daddy peepee." The mother then put the diaper back on and, taking both daughters with her, immediately drove to Mountain View Hospital in Payson, Utah.

At the hospital, T.K. repeated, "Hurt Daddy peepee," several times. Attending physicians determined that T.K. had suffered a laceration approximately one inch long, extending from above the anus and into the vagina through the hymenal ring. The gyne-

cologist who performed reconstructive surgery concluded T.K.'s injury was the result of blunt penetration of the vaginal cavity, stretching the vagina to the point of laceration. The gynecologist, along with the emergency room physician, also concluded the injury could not have resulted from scratching and could not have been self-inflicted. Both doctors opined that T.K.'s injury resulted from vaginal penetration by fingers, a penis, or a blunt object.

The hospital contacted local police. With the mother's permission, police entered Kinross's apartment, arrested Kinross in his bed, and searched the apartment for evidence. The Utah County Attorney's Office charged Kinross with aggravated sexual abuse of a child. Before trial, the trial court ruled that the mother could testify about T.K.'s statement, "Hurt Daddy peepee," under the excited utterance hearsay exception. Following a two-day trial, the jury found Kinross guilty as charged. Kinross now appeals.

## EXCITED UTTERANCE EXCEPTION

■ Kinross's appeal presents a single dispositive issue for our review: whether the trial court properly admitted the two-year-old victim's out-of-court statement under the hearsay rule's excited utterance exception.[1]

■ We will not disturb a trial court's admission of evidence unless the court has

---

1. Kinross raises two other issues on appeal. First, he suggests the trial court made insufficient findings under Utah Code Ann. § 76–5–411 (1995). Because we conclude T.K.'s statement was admissible under the excited utterance exception, and because Kinross and the State agree section 76–5–411 findings are not required if the excited utterance exception has been satisfied, we do not address that issue.

Second, Kinross presents an ineffective assistance of counsel claim. To prevail on such claims, defendants "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Strain,* 885 P.2d 810, 814 (Utah App.1994) (quoting *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)). Kinross contends counsel's failure to object to the out-of-court statement and to the arresting officer's testimony regarding Kinross's admis-

sions prejudiced his defense. We conclude the out-of-court statement was admissible. Further, the arresting officer properly Mirandized Kinross, and even after the warning, Kinross admitted he had abused his daughter. Because the statement and the officer's testimony were properly admitted, counsel's performance did not prejudice Kinross.

We have examined Kinross's additional claims that his attorney should have called more witnesses and that alcohol impaired his ability to waive his right to an attorney. We find these two claims without merit and decline to address them. *See State v. Carter,* 776 P.2d 886, 888–89 (Utah 1989) (stating court may decline to address arguments without merit on appeal). Kinross has failed to establish that his counsel's performance prejudiced his case, and "[a] bad outcome alone does not permit an inference of deficient performance." *Taylor v. Warden,* 905 P.2d 277, 287 (Utah 1995).

clearly abused its discretion. *See State v. Pena*, 869 P.2d 932, 938 (Utah 1994); *State v. Iorg*, 801 P.2d 938, 939 (Utah App.1990). A declarant's out-of-court statements are not excluded as hearsay when they fall within the excited utterance exception. *See* Utah R.Evid. 803(2). The rules of evidence define excited utterance as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." *Id.*

■ Parsing the rule's language, Utah courts have adopted and applied a three-pronged test for determining when the excited utterance exception applies. Out-of-court statements fall within the excited utterance exception when "(1) a startling event or condition occurred; (2) the statement was made while the declarant was under the stress of excitement caused by the event or condition; and (3) the statement relates to the startling event or condition." *State v. Barber*, 747 P.2d 436, 438 (Utah App.1987); *accord State v. Cude*, 784 P.2d 1197, 1200 (Utah 1989).

In the present case, Kinross and the State agree that the first prong of the excited utterance test has been satisfied. Kinross concedes that the two-year-old victim experienced a startling event.

The second prong of the excited utterance test requires that the statement be made while the declarant remains under the stress of excitement resulting from the startling event. Kinross contends that because twenty minutes had elapsed and because T.K. had been asleep just prior to making the statement, the stress of excitement of the event had passed. The State responds that the very short time lapse between the incident and the statement in which T.K. was asleep does not make the utterance any less excited.

■ The Utah Supreme Court has observed, "the shorter the gap between the startling event and the utterance, the more reliable the statement since the excitement of the event is unlikely to have yielded to reasoned reflection and conscious fabrication." *Cude*, 784 P.2d at 1200. Additionally, the court observed that the length of time is not the best measure of reliability, rather the declarant's state of mind is the more accurate gauge. *Id.* The court further recognized that fabrication is less likely in children. *Id.* (citing *State v. Kaytso*, 684 P.2d 63, 64 (Utah 1984) (per curiam)). Therefore, although Utah courts review both factors in cases involving children, they focus less on the time between the event and the utterance and more on the child's lack of capacity to fabricate the utterance.

Nonetheless, we first examine the lapse of time between the event and the declarant's utterance. Twenty minutes is a relatively minimal time between the event and the statement. In *State v. Kaytso*, the Utah Supreme Court allowed statements of a nine-year-old rape victim made two hours after the event to be admitted under the excited utterance exception. 684 P.2d 63, 64 (Utah 1984) (per curiam). Our sibling states have permitted even longer lapses of time in the context of excited utterances by child victims. *See, e.g., Dezarn v. State*, 832 P.2d 589, 592 (Alaska Ct.App.1992) (two-year-old victim; several hour interval); *People v. Nevitt*, 135 Ill.2d 423, 142 Ill.Dec. 854, 861–62, 553 N.E.2d 368, 375–76 (1990) (three-year-old victim; five-hour interval); *People v. Houghteling*, 183 Mich.App. 805, 455 N.W.2d 440, 441 (1990) (per curiam) (five-year-old victim; nineteen-to-twenty-hour interval); *State v. Rogers*, 109 N.C.App. 491, 428 S.E.2d 220, 226 (five-year-old victim; three-day interval), *cert. denied*, 435 S.E.2d 348 (N.C.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1378, 128 L.Ed.2d 54 (1994); *State v. Padilla*, 110 Wis.2d 414, 329 N.W.2d 263, 267–68 (Ct.App. 1982) (ten-year-old victim; three day interval). Compared to these hour- and day-long intervals, twenty minutes makes T.K.'s utterance practically contemporaneous with the startling event.

■ Next, we address the declarant's state of mind. We are not persuaded by Kinross's argument that because T.K. slept during those twenty minutes, she was no longer under the stress of excitement of the event. Along with the Utah Supreme Court we recognize that "excitement generally lasts longer in children." *Cude*, 784 P.2d at 1200. Moreover, we recognize that "[a] period of unconsciousness, even an extended period, does not necessarily destroy the effect of a

startling event upon the mind for the purposes of satisfying the excited utterance exception to the hearsay rule." *State v. Wallace,* 37 Ohio St.3d 87, 524 N.E.2d 466, 470 (1988). Indeed, when a victim makes an incriminating statement concerning the event immediately upon awakening, it "indicates that the excitement of the assault still dominated her thoughts." *Id.; accord Marquez v. State,* 890 P.2d 980, 984 (Okla.Crim.App. 1995) ("Although [the child] had slept through the night . . . she had not had time for fabrication or reflection.").

■■■ Finally, we review the declarant's capacity to fabricate the utterance. "The theory of [the excited utterance exception] is simply that circumstances may produce a condition of excitement which temporarily stills the capacity of reflection and produces utterances free of conscious fabrication." Fed.R.Evid. 803(2) advisory committee's note.[2] Utah courts have recognized that children have a limited capacity for fabrication, and when reviewing a declarant's capacity to fabricate in child sexual abuse cases, they look to the child's age and attitude at the time of the statement. *Cude,* 784 P.2d at 1200. Fabrication requires a "cognitive process whereby the child consciously applies his or her own powers of reason in order to create a description of an event which did not occur." *State v. Tlamka,* 1 Neb.App. 612, 511 N.W.2d 135, 144, *aff'd,* 244 Neb. 670, 508 N.W.2d 846 (1993). Two-year-old children possess extremely limited ability to reason and fabricate.

Given the short interval between the incident and the statement, T.K. remained under the stress of the event. Furthermore, T.K.'s tender age and state of mind made her incapable of reasoned reflection and conscious fabrication. Upon reviewing these two factors, we conclude under the second prong of the excited utterance test that T.K. remained under the stress of excitement of the startling event when she said, "Hurt Daddy pee-pee."

The third prong of the excited utterance test, which requires that the declarant's statement relate to the startling event, is also satisfied in the present case. T.K. first made the statement when her mother was checking her injury. Her comment directly referred to her injury. Her utterance thus related to the startling event. Accordingly, the trial court did not abuse its discretion in admitting T.K.'s out-of-court statement under the excited utterance exception.

## CONCLUSION

We hold that the two-year-old victim's out-of-court statement was made under the stress of excitement of a startling event and that the comment related to that startling event. The trial court thus correctly allowed the victim's mother to testify about the victim's statement under the hearsay rule's excited utterance exception. Accordingly, we affirm Kinross's conviction.

BILLINGS and GREENWOOD, JJ., concur.

---

**2.** Utah courts "may look to the federal advisory committee notes as well as federal court interpretation of the federal rules to aid in interpreting the Utah rules." *State v. Cude,* 784 P.2d 1197, 1200 n. 3 (Utah 1989); *accord State v. Gray,* 717 P.2d 1313, 1317 (Utah 1986).